IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CHANTELLE CAMPBELL and<br>NATHANIEL CAMPBELL,<br>　*Plaintiffs*<br><br>v.<br><br>JAMES EDWARD HOFFMAN, and US<br>EXPRESS LOGISTICS III LLC,<br>　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR PERSONAL INJURY

TO THE HONORABLE COURT:

Plaintiffs **Nathaniel Campbell** and **Chantelle Campbell**, by and through their attorneys of record, SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH (John D. Sloan, Jr. and Francheska Bardacke), files this Original Complaint against Defendant **James Edward Hoffman** and Defendant **US Express Logistics III LLC**, and for causes of action respectfully shows the Court as follows:

### PARTIES

1. Plaintiff **Chantelle Campbell** is an individual who resides in Kissimmee, in Osceola County, Florida.

2. Plaintiff **Nathaniel Campbell** is an individual who resides in Kissimmee, in Osceola County, Florida.

3. Defendant **James Edward Hoffman** ("Hoffman") is an individual. Upon information and belief, Defendant **Hoffman** resides at 329 Central Ave, Apartment No. 1 in

Lockland, in Hamilton County, Ohio 45215. He may be served with process at 329 Central Ave, Apartment No 1, Lockland Ohio in the County of Hamilton, 45215, or wherever he may be found.

4. Defendant **US Express Logistics III LLC** is a foreign limited liability company that is organized under the laws of the State of Ohio with its principal office in Liberty Township, Ohio. All of Defendant **US Express Logistics III LLC's** acts and omissions as described herein were performed or neglected by its agents, ostensible agents, servants, employees, and/or owners, specifically including **James Edward Hoffman**, acting in the course and scope of their respective agencies, ostensible agencies, services, employments and/or ownerships. **US Express Logistics III LLC** may be served with process through its registered agent, Nariman Guseinov, located at 7598 Cherokee Lane, Liberty Township, OH 45044, or wherever it may be found.

## MISNOMER DOCTRINE

5. It is Plaintiffs' intention to sue (1) the driver of the commercial tractor-trailer involved in the collision subject of this lawsuit and (2) the entity or entities that employed Defendant **James Edward Hoffman** at the time of the incident made the basis of this Complaint.

6. After diligent research and investigation, Plaintiffs believe that the individuals and entities named as defendants herein have been correctly named in these capacities, and brings this action against Defendants in their assumed and/or common name(s). In the event that any proper party is misnamed in or omitted from this petition, Plaintiffs request that the true name of such party be substituted pursuant to Fed. R. Civ. P. 15 (C) and the misnomer doctrine.

## JURISDICTION AND VENUE

7. The United States District Court for the District of New Mexico has original jurisdiction over this matter under 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and Plaintiff is of different citizenship than all defendants.

8. Venue in this Court is proper pursuant to 28 U.S.C. §§ 111 and 1441 (a) as all or a substantial part of Plaintiffs' claims, causes of actions, and damages occurred in Guadalupe County, New Mexico.

## AGENCY/RESPONDEAT SUPERIOR

9. Whenever it is alleged in this Petition that Defendant **James Edward Hoffman** did any act or thing, it is also meant that his agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, did such act or thing and, at the time such act or thing was done, it was done with Defendant **US Express Logistics III LLC's** authorization or was done in the normal routine course of the agency or employment of Defendant **US Express Logistics III LLC**.

## FACTS

10. On October 24, 2020 at approximately 3:32 p.m., Plaintiffs **Chantelle** and **Nathaniel Campbell** were driving eastbound on Interstate 40 near milepost 307 in Guadalupe County, New Mexico. **Nathaniel Campbell** was driving a Ford Ecoline Penske box truck and **Chantelle Campbell** was in the passenger seat with their Chevy Camaro being hauled behind the truck. **Chantelle and Nathaniel** came to a stop on the road due to traffic. At that same time, Defendant **James Hoffman** was operating a 2017 VOLVO CMV commercial tractor-trailer, bearing Indiana License Plate No. J186781, in the course and scope of his employment with Defendant **US Express Logistics III LLC**. With total disregard to the safety of others, Defendant **Hoffman**, approaching at a high rate of speed, failed to slow his tractor-trailer in heavy traffic

thereby striking the rear trailer of a second commercial tractor-trailer and striking the rear of Plaintiffs' box truck with their Chevy Camaro in tow. The impact of the crash caused Plaintiffs' vehicle to spin sideways and block both eastbound lanes of the Interstate, causing the damages and injuries to Plaintiffs subject of this cause of action. **Nathaniel Campbell** was tended to by EMS and then transported by air to Amarillo, Texas. New Mexico State Police Officer Scott Apodaca determined the crash was caused by **James Hoffman's** inattention and issued him a citation for careless driving.

11. As a result of Defendant **James Hoffman** and Defendant **US Express'** negligent conduct, Plaintiffs **Chantelle Campbell** and **Nathaniel Campbell** suffered severe personal injuries and damages which will be described below.

12. At all times material hereto, Defendant **James Hoffman** was employed by Defendant **US Express Logistics III LLC** and was acting at Defendant **US Express Logistics III LLC's** direction and for Defendant **US Express'** benefit.

13. At all times material hereto, Defendant **Hoffman** was in the course and scope of his employment with Defendant **US Express Logistics III LLC**.

14. At all times material hereto, Defendant **Hoffman** was engaged in the furtherance of Defendant **US Express Logistics III LLC's** business.

15. At all times material hereto, Defendant **Hoffman** was engaged in accomplishing a task for which he was employed by Defendant **US Express Logistics III LLC.**

16. At all times material hereto, Defendant **Hoffman** was negligent in the operation of the vehicle owned by **US Express Logistics III LLC**.

## COUNT I – NEGLIGENCE - DEFENDANT JAMES EDWARD HOFFMAN

17. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein.

18. At all times relevant hereto, Defendant **James Edward Hoffman** had a duty to exercise ordinary care; that is, to exercise the degree of care that a reasonable and prudent person would use to prevent foreseeable risks of harm to others under the same or similar circumstances. **James Edward Hoffman's** duty of care specifically included, but was not limited to, the duty to operate **US Express Logistics III LLC's** commercial motor vehicle in a reasonable, prudent and safe manner; to obey the applicable traffic laws; and to exercise reasonable care for the safety of others, including Plaintiffs.

19. On the occasion in question, **James Edward Hoffman** breached his duty and failed to exercise ordinary care. **James Edward Hoffman's** negligent, careless, and/or reckless disregard of duty included, but was not limited to, the following acts and omissions:

    a. Failing to keep a proper lookout;

    b. Failing to pay adequate attention;

    c. Failing to use due caution;

    d. Failing to operate his vehicle in a safe manner;

    e. Failing to apply his brakes properly and timely;

    f. Driving while distracted;

    g. Careless driving;

    h. Reckless driving;

    i. Operating his vehicle without regard for the safety and welfare of other persons or property; and

    j. Operating his vehicle in a manner inconsistent with that in which a reasonably prudent person would have operated a vehicle under the same or similar circumstances.

20. Each and all of the above-stated acts and/or omissions constitute negligence or, alternatively, conscious indifference to the rights of **Chantelle and Nathaniel Campbell** and the New Mexico motoring public. Plaintiffs reserve the right to plead additional and/or more specific acts and omissions in the future as additional facts become known.

21. Defendant **James Edward Hoffman's** negligent, careless, and/or reckless disregard of his duty was a cause of the resulting collision and injuries suffered by **Chantelle and Nathaniel Campbell,** for which Plaintiffs seek damages within the jurisdictional limits of this Court.

22. Defendant **Hoffman's** acts and/or omissions described herein were reckless and/or grossly negligent as those terms are defined in New Mexico law. Defendant **Hoffman** was consciously indifferent to the life and wellbeing of the New Mexico public, including **Chantelle and Nathaniel Campbell.** Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendant **James Edward Hoffman.**

## COUNT II – NEGLIGENCE *PER SE* – JAMES EDWARD HOFFMAN AND US EXPRESS LOGISTICS III, LLC

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

24. At all times relevant hereto, Defendant **Hoffman** was obligated to comply with the safety requirements established by statutes, regulations, rules, and other requirements. Said statutes, regulations, rules, and other requirements have been promulgated for the safety and benefit of the public at large, **Chantelle** and **Nathaniel Campbell,** and the New Mexico motoring public.

25. **James Edward Hoffman's** negligent acts and omissions as described herein

6

violated various provisions of the New Mexico Statutes, including but not limited to the following:

    a. Failure to control speed in violation of **66-7-301(B)(1) NMSA (1978)**;

    b. Failure to keep a safe following distance in violation of **66-7-318 NMSA (1978)**;

    c. Failing to yield the right of way in violation of **66-7-329 NMSA (1978)**;

    d. Failure to keep a proper lookout in violation of **66-8-114 NMSA (1978)**;

    e. Reckless driving in violation of **66-8-113 NMSA (1978)**;

Plaintiffs reserve the right to plead additional and/or more specific violations in the future as additional facts become known.

26. These statutes, regulations, rules, and other requirements were designed to protect a class of persons to which **Nathaniel** and **Chantelle Campbell** belonged, and seek to prevent the type of injuries and damages suffered by **Nathaniel** and **Chantelle Campbell.**

27. **James Edward Hoffman's** violations of the statutes in question were without any legal excuse. Because of these and other violations, Defendant **Hoffman** was negligent *per se*. Accordingly, **James Edward Hoffman** is held to be strictly liable for the consequences of such violations, and **US Express Logistics III LLC** is also held to be strictly liable under the doctrine of *respondeat superior*.

28. Defendants' negligence *per se* was a cause of the resulting collision and injuries suffered by **Chantelle** and **Nathaniel Campbell**, for which Plaintiffs seek damages within the jurisdictional limits of this Court.

29. Defendants' acts and/or omissions described herein were reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including **Nathaniel Campbell** and **Chantelle Campbell**. Accordingly, Plaintiffs are entitled to an award of punitive damages

against Defendants.

## COUNT III – NEGLIGENCE - US EXRESS LOGISTICS III, LLC

30. Defendant **Hoffman** was an employee/statutory employee of Defendant **US Express Logistics III LLC** and was in the course and scope of his employment at the time of the collision. The negligence/negligence *per se* of Defendant **Hoffman** is therefore imputed to the Defendant **US Express Logistics III LLC**. The negligence/negligence *per se* of Defendant **US Express Logistics III LLC**, directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine *respondeat superior*.

31. In the alternative, Defendant **US Express Logistics III LLC** is responsible for the negligent acts and/or omissions of Defendant Hoffman because at the time and place in question, Defendant **Hoffman** was operating a commercial vehicle under Defendant **US Express Logistics III LLC** US DOT authority and he, as well as **Defendant US Express Logistics III LLC**, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. §376.12 (c)(1). Accordingly, at all relevant times hereto, Defendant **Hoffman** was a statutory employee of Defendant **US Express Logistics III LLC** and Plaintiffs **Nathaniel** and **Chantelle Campbell** are members of the class of persons 49 C.F.R. §376.12 (c) (1) was designed to protect.

A. **Negligent Hiring**

32. Plaintiffs allege herein that Defendant **US Express Logistics III LLC** was negligent in the hiring of **James Edward Hoffman**, in that Defendant knew, or in the exercise of reasonable care should have known, that **James Edward Hoffman** was unfit or unqualified for a position that would require him to safely operate commercial motor vehicles.

33. The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the

basis of this action and Plaintiffs' injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

### B. Negligent Training

34. Plaintiffs allege herein that Defendant **US Express Logistics III LLC** was negligent in the training of his employee, **James Edward Hoffman**, in the following particulars:

    a. Defendant **US Express Logistics III LLC** knew, or in the exercise of reasonable care should have known, that **James Hoffman** was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles particularly concerning the operation of a commercial motor vehicle;

    b. Defendant **US Express Logistics III LLC** failed to properly train and/or instruct its employee, **James Hoffman**, for the job he was to perform and for the safe operation of a commercial motor vehicle, including, but not limited to, proper speed, keeping a safe distance, keeping a proper lookout, giving full attention to the road, yielding to the traffic in front of him, defensive driving; and

    c. Defendant **US Express Logistics III LLC** failed to instruct or train its employee, **James Hoffman**, concerning the commercial motor vehicle he was given to operate by Defendant **US Express Logistics III LLC** and allowed his employee to drive a commercial motor vehicle when it knew or should have known that the employee was not capable of or qualified in operating the vehicle safely and prudently.

35. Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### C. Negligent Supervision

36. Plaintiffs incorporate the allegations contain in paragraphs 31 - 35 above. In addition, Plaintiffs allege herein that Defendant **US Express Logistics III LLC** was negligent in the supervision of its employee, **James Hoffman**, in the following particulars:

      a.    Defendant **US Express Logistics III LLC** knew, or in the exercise of reasonable care should have known, that **James Hoffman** was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle;

      b.    Defendant **US Express Logistics III LLC** to supervise **James Hoffman** for the job that he was to perform; and

      c.    Defendant **US Express Logistics III LLC** failed to supervise its employee, **James Hoffman**, on the date of the incident in question, and allowed or failed to prevent **James Hoffman** from operating a commercial motor vehicle in an unsafe manner on **US Express Logistics III LLC's** behalf, for their benefit, and for their monetary profit.

37.    Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

**D. Negligent Retention**

38.    Plaintiffs incorporate the allegations contained in paragraphs 31 - 37 herein. Additionally, Plaintiffs allege herein that Defendant **US Express Logistics III LLC** was negligent in the retention of **James Edward Hoffman** as a commercial motor vehicle driver, in that Defendant **US Express Logistics III LLC** knew, or in the exercise of reasonable care should have known, that **James Edward Hoffman** was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle. Further, Defendant **US Express Logistics III LLC** knew, or in the exercise of reasonable care should have known, that **James Edward Hoffman** had not been provided adequate, if any, training by Defendant **US Express Logistics III LLC** concerning the safe operation of a commercial motor vehicle. Despite this actual or constructive knowledge, Defendant **US Express Logistics III LLC**, negligently and gross negligently retained **James Edward Hoffman** from the date on which he was hired until and including the date of the incident in question. During that time, Defendant **US Express Logistics**

III LLC allowed Defendant **Hoffman** to operate, or failed to prevent Defendant **Hoffman** from operating, in an unsafe manner a commercial motor vehicle on Defendant **US Express Logistics III LLC's** behalf, for Defendant **US Express Logistics III LLC's** benefit, and for Defendant **US Express Logistics III LLC's** monetary gain.

39. Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's damages. Plaintiffs reserve the right to plead more specifically as facts become more fully known in discovery.

## DAMAGES

40. Plaintiffs **Chantelle** and **Nathaniel Campbell** request that the jury consider what sum of money, if paid now in cash, would fairly and reasonably compensate their injuries and damages sustained as a result of Defendants' wrongful conduct.

41. As a direct and proximate result of Defendants' negligence, Plaintiffs **Chantelle** and **Nathaniel Campbell** have suffered serious personal injuries and damages.

42. As a direct and proximate result of Defendants' negligence, Plaintiff **Nathaniel Campbell** suffered severe personal injuries, including injuries to his back, neck, shoulders, ribs, and left side of his body from his ankle to his hip and up to his neck, and he was air lifted from the scene of the crash to Amarillo, Texas for treatment.

43. As a direct and proximate result of Defendants' negligence, Plaintiff **Chantelle Campbell** suffered severe personal injuries, including injuries to her back, neck and shoulder and pain on her left side. Plaintiff **Chantelle Campbell** believes some of her injuries are permanent in nature and have had a serious effect on her well-being.

44. As a direct and proximate result of the collision that forms the basis of this lawsuit, **Chantelle** and **Nathaniel Campbell** have severe personal injuries and damages. **Chantelle** and **Nathaniel's** damages include, but not limited to, the following:

    a. Medical expenses incurred in the past;

    b. Medical expenses in the future;

    c. Physical pain and suffering in the past'

    d. Physical pain and suffering in the future;

    e. Mental anguish and emotional distress in the past;

    f. Mental anguish and emotional distress in the future;

    g. Lost wages sustained in the past;

    h. Loss of earning capacity in the future;

    i. Physical impairment in the past;

    j. Physical impairment in the future;

    k. Physical disfigurement in the past;

    l. Physical disfigurement in the future;

    m. Loss of enjoyment of life in the past;

    n. Loss of enjoyment of life in the future;

    o. Any other actual or special damages in an amount to be proved at trial and as allowed by law; and

    p. Punitive damages in the maximum amount allowed by law.

45. **Chantelle** and **Nathaniel Campbell's** damages exceed the minimum jurisdictional limit of the court. **Chantelle** and **Nathaniel Campbell** reserve the right to plead additional and/or more specific damages in the future as additional information becomes available.

46. Plaintiffs seek fair and reasonable compensation for their damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed

by law.

## PUNTIVE/EXEMPLARY DAMAGES

47. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

48. Defendants' acts and/or omissions described herein demonstrate a total disregard for the laws, rules, and regulations of the State of New Mexico, and constitute sufficient evidence to justify an award of punitive damages to Plaintiff.

49. Defendants' acts and/or omissions were malicious, willful, reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law, and Defendants were consciously indifferent to the life and wellbeing of the New Mexico public, including **Nathaniel** and **Chantelle Campbell**. Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants in the maximum amount allowed by law.

## DAMAGES CONSIDERED SEPARATELY

50. Plaintiffs respectfully assert their request that they be allowed to have the elements of damages considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate **Chantelle** and **Nathaniel Campbell** for their injuries, losses and damages incurred, and to be incurred, and that each element of their damages be considered separately and individually, segregating the past and future losses, so that the amount of pre-judgment interest due to them may be computed.

## CONDITIONS PRECEDENT

51. All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## PRAYER

52. Plaintiff prays for judgment in his favor and against Defendants **US Express**

**Logistics III LLC;** and **James Edward Hoffman,** for the following:

a. Special and actual damages as alleged herein and/or proven at trial;

b. Punitive damages in the maximum amount allowed by law;

c. Prejudgment interest from the date of injury through the date of judgment, at the maximum rate allowed by law;

d. Post-judgment interest at the maximum rate allowed by law;

e. Costs incurred in the prosecution of this action; and

f. Any and all such other and further relief, whether in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON, SMITH & JONES**

JOHN D. SLOAN, JR
jsloan@sloanfirm.com
FRANCHESKA M. BARDACKE
fbardacke@sloanfirm.com
509 Roma NW
Albuquerque, NM 87102
Telephone: (903) 757-7000
Fax: (505) 372-1381

***ATTORNEYS FOR PLAINTIFFS***