IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHANTELLE CAMPBELL and**
**NATHANIEL CAMPBELL,**

      **Plaintiffs,**

v.                                                                                                  No. 21-cv-0615 DHU/SMV

**JAMES EDWARD HOFFMAN, and**
**US EXPRESS LOGISTICS III,**

   **Defendants**.

## AMENDED SCHEDULING ORDER

THIS MATTER is before the Court on Plaintiffs' Second Unopposed Motion to Extend Deadlines [Doc. 53], filed on August 8, 2022. The Motion will be granted in part, and the original Scheduling Order [Doc . 43] will be amended, as follows:

| | |
|---|---|
| Plaintiff[1] discloses experts and provides expert reports or summary disclosures by:[4] | **December 9, 2022** |
| Defendant discloses experts and provides expert reports or summary disclosures by:[2] | **January 9, 2023** |
| Termination of discovery: | **February 10, 2023** |
| Motions relating to discovery filed by:[3] | **March 3, 2023** |

---

[1] Herein, the terms "Plaintiff" and "Defendant" encompass both singular and plural meanings.

[2] The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b). Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp*., 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *see Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) (unpublished) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient." (quoting *Witherspoon v. Navajo Refining Co.*, No. 03-cv-1160 BB/LAM, 2005 WL 5988650, at *1 (D.N.M. June 28, 2005) (unpublished)); William P. Lynch, *Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony*, 33 Rev. Lit. 249 (2014).

[3] *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. The discovery motions deadline does not extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery

| | |
|---|---|
| Pretrial motions other than discovery motions[4] filed by: | **March 24, 2023** |

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. Discovery must be completed on or before the discovery deadline. Accordingly, service of written discovery is timely only if the responses are due prior to the discovery deadline. A notice to take deposition is timely only if the deposition takes place prior to the discovery deadline. The pendency of dispositive motions does not stay discovery.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Second Unopposed Motion to Extend Deadlines [Doc. 53] is **GRANTED IN PART**, and the original Scheduling Order [Doc. 43] is **AMENDED**, as described herein.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

[4] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.