IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHANTELLE CAMPBELL, and
NATHANIEL CAMPBELL,

    Plaintiffs,

v.                                                     Case No. 1:21-615 DHU/KRS

JAMES EDWARD HOFFMAN, and
US EXPRESS LOGISTICS III, LLC,

    Defendants.

## ORDER FINDING AS MOOT MOTION TO VACATE JURY TRIAL AND DENYING MOTION TO VACATE ALL PENDING DEADLINES

THIS MATTER is before the Court on the parties' Unopposed Motion to Vacate Jury Trial and all Pending Deadlines, (Doc. 66), filed December 9, 2022.  In the Motion, the parties request a new trial date and to vacate the deadlines in the presiding judge's Amended Trial Notice, (Doc. 55).  *See* (Doc. 66) at 1-2.  On January 3, 2023, the presiding judge issued an Amended Trial Notice, resetting the trial from August 7, 2023, to December 4, 2023, and resetting all trial-related deadlines.  (Doc. 74).  Accordingly, the parties' requests for a new trial date and trial deadlines are now moot.

The current pretrial deadlines are set in the Amended Scheduling Order, (Doc. 56), which sets the termination of discovery on February 10, 2023.  If the parties seek an extension of these pretrial deadlines, they must file a motion that specifies their proposed deadlines.  The Court will not enter an order vacating the pretrial deadlines – the parties must propose new deadlines to be set in place of the current deadlines.  Until such a motion is ruled on, the pretrial deadlines are governed by the Amended Scheduling Order, (Doc. 56), and the parties are expected to meet those deadlines.  Additionally, the Court notes that this case was set on a 210-day scheduling

track at the Rule 16 scheduling conference on March 10, 2022, and those deadlines have already been amended once and the trial has been reset twice. *See* (Docs. 43, 48, 55, 56, and 74). The Court will consider this history in connection with further motions for extension, and will not grant an extension that will affect the presiding judge's trial settings.

    IT IS THEREFORE ORDERED that the parties' Unopposed Motion to Vacate Jury Trial and all Pending Deadlines, (Doc. 66), is DENIED AS MOOT as to the trial setting and trial-related deadlines. The Motion is DENIED without prejudice to the extent the parties are asking to vacate the scheduling order deadlines, and may be refiled in accordance with the parameters set forth above.

    IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STAGES MAGISTRATE JUDGE