## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHANTELLE CAMPBELL and
NATHANIEL CAMPBELL,

      Plaintiffs,

v.                                                                      No. 1:21-cv-0615 DHU/DLM

JAMES EDWARD HOFFMAN, and
US EXPRESS LOGISTICS III LLC,

      Defendants.

### ORDER TO AMEND COMPLAINT

THIS MATTER comes before the Court sua sponte. Plaintiffs Chantelle and Nathaniel Campbell filed this action in federal court on July 2, 2021, citing diversity jurisdiction. (Doc. 1 at 1, ¶ 7.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the Complaint and the applicable law, the Court finds that the Complaint fails to allege facts necessary to sustain diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff, as the "party invoking diversity jurisdiction[,] bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "[T]he plaintiff

must meet the requirements of the diversity statute for each defendant or face dismissal." *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)).

Here, the Complaint states that Plaintiffs "reside" in Florida, and Defendant James Hoffman "resides" in Ohio. (Doc. 1 ¶¶ 1–3.) "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted). Thus, Plaintiffs fail to assert facts sufficient to establish citizenship of the individual parties.

The Complaint further states that US Express Logistics III, LLC "is a foreign limited liability company that is organized under the laws of the State of Ohio with its principal office in . . . Ohio." (Doc. 1 ¶ 4.) This assertion may have been sufficient if US Express Logistics III, LLC were a corporation, as a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." See 28 U.S.C. § 1332(c). Yet US Express Logistics III is a limited liability company. For the purpose of establishing diversity jurisdiction, "[a]n LLC, as an unincorporated association, takes the citizenship of all its members." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (quoting *Siloam Springs Hotel*, 781 F.3d at 1234). The Court is unable to determine, from either the Notice of Removal or from US Express Logistics III's disclosure statement (*see* Doc. 8), the citizenship of its members. Consequently, Plaintiffs have not adequately established that the Court has subject matter jurisdiction over this lawsuit.

The Court will allow Plaintiff the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *cf. De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that

"[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases).

THEREFORE,

IT IS ORDERED that Plaintiffs shall file an amended complaint to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **April 26, 2023**.

IT IS FURTHER ORDERED that if Plaintiffs fail to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.


_____

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE