IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHANTELLE CAMPBELL and
NATHANIEL CAMPBELL,

      Plaintiffs,

v.                                                  No. 1:21-cv-0615 DHU/DLM

JAMES EDWARD HOFFMAN, and
US EXPRESS LOGISTICS III LLC,

      Defendants.

## AMENDED[1] ORDER TO AMEND COMPLAINT

      THIS MATTER comes before the Court sua sponte. Plaintiffs Chantelle and Nathaniel Campbell filed this action in federal court on July 2, 2021, citing diversity jurisdiction. (Doc. 1 at 1, ¶ 7.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the Second Amended Complaint and the applicable law, the Court finds that the Second Amended Complaint fails to allege facts necessary to sustain diversity jurisdiction.

      Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff, as the "party invoking diversity

---

[1] The Court files this Amended Order to reflect the allegations in the Second Amended Complaint. (Doc. 37.)

jurisdiction[,] bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "[T]he plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)).

Here, the Second Amended Complaint states that Plaintiffs "reside" in Florida, and Defendant James Hoffman "resides" in Ohio. (Doc. 37 ¶¶ 1–3.) "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted). Thus, Plaintiffs fail to assert facts sufficient to establish citizenship of the individual parties.

The Court will allow Plaintiffs the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *cf. De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that "[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases).

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs shall file an amended complaint to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **April 26, 2023**. Plaintiffs shall add no other factual allegations outside of those necessary to establish citizenship as described herein.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE