IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHANTELLE CAMPBELL and
NATHANIEL CAMPBELL,

      Plaintiffs,

v.                                        No. 1:21-cv-0615 DHU/DLM

JAMES EDWARD HOFFMAN, and
US EXPRESS LOGISTICS III LLC,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Sanctions. (Doc. 142.) The Court entered a discovery order on June 16, 2023, that required Plaintiffs to turn over seven pieces of information no later than June 30, 2023. (*See* Doc. 131.) When Plaintiffs failed to turn over all of the required discovery, Defendants moved for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). (Doc. 142 at 3.)

Rule 37(b)(2)(C) provides that if a party "fails to obey an order to provide or permit discovery, . . . the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, counsel for Plaintiffs acknowledged during the Court's August 2, 2023 status conference that they failed to turn over three of the items by the deadline due to an oversight between counsel and her staff. (*See* Doc. 156 at 1.) Counsel for Plaintiffs further explained that it took her two additional days after Defendants filed the motion to submit the required discovery, because she was conferring with Plaintiff Chantelle Campbell. (*See id.* at 1–2.) Ms. Campbell misunderstood and forgot what records she needed to submit. (*Id.* at 2.)

Given these facts, the Court finds that sanctions are warranted and that there are no circumstances that would cause an award of expenses to be unjust. The Court provided assistance to the parties on these discovery disputes on May 8, 2023, without a formal discovery order. (*See* Doc. 119.) The Court issued a formal written order on June 16, 2023, after Defendants continued to complain that Plaintiffs' discovery responses were inadequate. (*See* Docs. 130–31.) Plaintiffs' counsel has had ample time to work with their client to produce satisfactory discovery responses. Consequently, Plaintiffs' counsel, that is, the law firm of Sloan, Hatcher, Perry, Runge, Robertson & Smith, will be required to pay the reasonable costs and fees associated with filing the motion for sanctions (Doc. 142). The award may not be deducted from any settlement or judgment that Plaintiffs may obtain in this matter.

The Court directs Defendants to submit, no later than **August 16, 2023**, a brief, supported by appropriate evidence, detailing their reasonable expenses and fees incurred in filing the motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Sanctions (Doc. 142) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants shall submit a brief in support of their request for sanctions on or before **August 16, 2023**; Plaintiffs shall respond within 14 days of the brief; Defendants may reply within 14 days of the response.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

3